**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                              :
WALTER SANTIAGO,              :
                              :  Civil Action No. 10-6117 (RMB)
            Petitioner,       :
                              :
        v.                    :     O P I N I O N
                              :
FEDERAL BUREAU OF PRISONS,    :
et al.,                       :
                              :
            Respondents.      :
_____:

**APPEARANCES:**

| | |
|---|---|
| Walter Santiago, <u>Pro Se</u> | John Andrew Ruymann |
| #16004-067 | Assistant U.S. Attorney |
| FPC Canaan | Office of the U.S. Attorney |
| P.O. Box 200 | 402 East State Street |
| Waymart, PA 18472 | Trenton, NJ 08608 |
| | Attorney for Respondents |

**BUMB, District Judge**

Petitioner Walter Santiago, a federal prisoner currently confined at the Federal Prison Camp in Waymart, Pennsylvania, was housed at the Federal Correctional Institution in Fort Dix, New Jersey at the time he submitted this petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241.[1]  The petition,

---

[1]  Section 2241 provides in relevant part:

> (a) Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions.
>                      * * *

filed on or about November 23, 2010, asserts that Petitioner is entitled to a prior custody credit of 17 months towards his federal sentence for time he spent in state custody.  On May 10, 2011, counsel for the Government filed a motion to dismiss the petition on the ground that Petitioner failed to exhaust the available administrative remedies before commencing this action, in contravention of controlling decisional law.  Petitioner has not responded to the Government's motion.

Because it appears from a review of the submissions that Petitioner did not exhaust his administrative remedies before filing this petition, the petition will be dismissed without prejudice.

## BACKGROUND

Petitioner was sentenced on April 16, 2009, in the United States District Court for the Middle District of Pennsylvania, to serve a 108-month prison term for conspiracy to distribute and possession with intent to distribute cocaine, hydrochloride and cocaine base, in violation of 18 U.S.C. § 846, and criminal forfeiture, in violation of 21 U.S.C. § 853.  Petitioner's projected good conduct release date is March 24, 2017. (See Declaration of Tara Moran ("Moran Decl.") at Exhibit 1).

---

(c) The writ of habeas corpus shall not extend to a prisoner unless—... (3) He is in custody in violation of the Constitution or laws or treaties of the United States ....

In his petition, Petitioner argues that the Bureau of Prisons ("BOP") improperly computed his federal prison term. Petitioner asserts that he has exhausted his administrative remedies, attaching to the petition a letter to Petitioner from the BOP advising him that his sentence computation was updated, and a written response from the BOP that he would not be receiving credit for the period requested.  The Government asserts that Petitioner has not properly exhausted through the BOP's internal 3-step grievance procedure.  The record included with the Government's motion to dismiss confirms that Petitioner has not filed any appropriate administrative remedy request while in BOP custody.  (Moran Decl., ¶ 4, and Ex. 2).

## DISCUSSION

The BOP Administrative Remedy Program is a three-tier process that is available to inmates confined in institutions operated by the BOP for "review of an issue which relates to any aspect of his/her own confinement."  See 28 C.F.R. § 542.10.  An inmate must initially attempt to informally resolve the issue with institutional staff.  See 28 C.F.R. § 542.13(a).  If informal resolution fails or is waived, an inmate may submit a BP-9 Request to "the institution staff member designated to receive such Requests (ordinarily a correctional counsel)" within 20 days of the date on which the basis for the Request occurred, or within any extension permitted.  See 28 C.F.R. § 542.14.  An

inmate who is dissatisfied with the Warden's response to his BP-9 Request may submit a BP-10 Appeal to the Regional Director of the BOP within 20 days of the date the Warden signed the response. See 28 C.F.R. § 542.15(a).  The inmate may appeal to the BOP's General Counsel on a BP-11 form within 30 days of the day the Regional Director signed the response.  See id.  Appeal to the General Counsel is the final administrative appeal.  See id.  If responses are not received by the inmate within the time allotted for reply, "the inmate may consider the absence of a response to be a denial at that level."  28 C.F.R. § 542.18.

Although 28 U.S.C. § 2241 contains no statutory exhaustion requirement, a federal prisoner ordinarily may not bring a petition for writ of habeas corpus under 28 U.S.C. § 2241, challenging the execution of his sentence, until he has exhausted all available administrative remedies.  See, e.g., Callwood v. Enos, 230 F.3d 627, 634 (3d Cir. 2000); Arias v. United States Parole Comm'n, 648 F.2d 196, 199 (3d Cir. 1981); Soyka v. Alldredge, 481 F.2d 303, 306 (3d Cir. 1973).  The exhaustion doctrine promotes a number of goals:

> (1) allowing the appropriate agency to develop a factual record and apply its expertise facilitates judicial review; (2) permitting agencies to grant the relief requested conserves judicial resources; and (3) providing agencies the opportunity to correct their own errors fosters administrative autonomy.

Goldberg v. Beeler, 82 F. Supp.2d 302, 309 (D.N.J. 1999), aff'd, 248 F.3d 1130 (3d Cir. 2000).  See also Moscato v. Federal Bureau

4

of Prisons, 98 F.3d 757, 761 (3d Cir. 1996). In fact, "it has been long established that an inmate's unjustified failure to pursue administrative remedies results in procedural default warranting decline of judicial review." Velez v. Zickefoose, 2010 WL 5186158 at *3 (D.N.J. Dec. 15, 2010)(citing Moscato, 98 F.3d at 760).

Nevertheless, exhaustion of administrative remedies is not required where exhaustion would not promote these goals. See, e.g., Gambino v. Morris, 134 F.3d 156, 171 (3d Cir. 1998) (exhaustion not required where petitioner demonstrates futility); Lyons v. U.S. Marshals, 840 F.2d 202, 205 (3d Cir. 1988) (exhaustion may be excused where it "would be futile, if the actions of the agency clearly and unambiguously violate statutory or constitutional rights, or if the administrative procedure is clearly shown to be inadequate to prevent irreparable harm"); Carling v. Peters, 2000 WL 1022959 at *2 (E.D. Pa. 2000) (exhaustion not required where delay would subject petitioner to "irreparable injury").

In this case, Petitioner has sought judicial review without raising his issue formally through the BOP's grievance system. While Petitioner may have inquired with the BOP about his credits, because he did not utilize the established grievance procedures, this Court is unable to ascertain exactly what issues were raised in his inquiries. This Court also notes that the

grievance system continues to be available to Petitioner as a means for the BOP to evaluate his claims, and thus, does not appear to be a futile course of action.  Thus, the Court sees no reason to excuse Petitioner's failure to exhaust administrative remedies.  See Velez, 2010 WL 5186158 at *3 ("the exhaustion requirement is not excused lightly"); Maddox v. Zickefoose, 2010 WL 2762242, *4 (D.N.J. July 12, 2010); Gardner v. Grondolsky, 2009 WL 5103209, *2-3 (D.N.J. Dec. 17, 2009).  Accordingly, the Court will dismiss the petition without prejudice to the filing of a new § 2241 petition, if necessary, after Petitioner exhausts administrative relief.

## CONCLUSION

For the foregoing reasons, the Government's motion to dismiss the petition (docket entry 13) shall be granted and the petition for a writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241, is hereby dismissed without prejudice for Petitioner's failure to exhaust administrative remedies.  An appropriate Order accompanies this Opinion.

s/Renée Marie Bumb
RENÉE MARIE BUMB
United States District Judge

Dated: November 21, 2011